UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PACIFIC EMPLOYERS INSURANCE COMPANY,**
and **BERMAN BROTHERS, INC.**,
a Florida Corporation,

    **Plaintiffs,**

    v.                                          **CASE No. 3:05-cv-850-J-99MMH**

**WAUSAU BUSINESS INSURANCE COMPANY,**
a Wisconsin Insurance Company, and
**EMPLOYERS INSURANCE OF WAUSAU,**
a mutual company,

    **Defendants.**
_____/

**O R D E R**

This matter came before the Court originally on Plaintiffs' Emergency Motion to Quash and Motion for Protective Order (Dkt. 31) (the "Emergency Motion"). The Motion was referred to Magistrate Judge Marcia Morales Howard for disposition (Dkt. 32). Judge Howard took the Emergency Motion under advisement and held a hearing on it on November 2, 2006 (Dkts. 32 and 38), at which the parties to the case appeared and argued their respective positions.

On November 14, 2006, Judge Howard issued an order (the "Order") granting in part and denying in part the Emergency Motion (Dkt. 42).[1]  Plaintiffs filed a timely objection (Dkt. 53)(the "Objection") to the Order and Defendants filed a response (Dkt. 57)(the "Response") to the Objection. Plaintiffs' Motion for Leave to file a Reply to the Response (Dkt. 59) was denied (Dkt. 60).

---

[1]  Plaintiffs erroneously refer to Judge Howard's order of November 16, 2006 (Dkt. 45) as the one to which they are filing objections; however, the Court finds that Dkt. 42 is the Order that should be referenced as it is the Order addressing the depositions that are the subject of the Emergency Motion.

**Factual History**

On August 18, 2000, Mr. Osborne J. Hart was injured while working at Berman Bros., Inc. ("Berman"). Mr. Hart was assigned to work at Berman by Action Labor. At the time of Mr. Hart's accident, Action Labor was insured by Pacific Employers Insurance Company ("Pacific") and Berman had two insurance policies (the "Wausau Policies") in place with Defendants, both of which policies provided underlying and excess insurance coverage. When Mr. Hart filed his suit for damages stemming from his injury, Defendants denied coverage under their policies but continued briefly to defend Berman under a reservation of rights. On May 29, 2003, Defendants tendered defense of Berman to Pacific.[2] On June 10, 2004, a multimillion dollar award was entered against Berman in the Circuit Court in and for Duval County. On February 16, 2006, following all appeals of the underlying action, Berman assigned Pacific all rights to pursue all claims against Defendants.

On August 17, 2005, prior to assigning Pacific all rights to pursue claims against Defendants, Berman filed a declaratory judgment action against Defendant, Wausau Business Insurance Company ("Wausau Business") in the Circuit Court of the Fourth Judicial Circuit in and for Duval County. Citing diversity as grounds for jurisdiction, Wausau Business removed the case to federal court on September 8, 2005. (Dkt. 1). On July 31, 2006, Berman filed an Amended Complaint that added Pacific as an additional Plaintiff to the action and Employers Insurance of Wausau as an additional Defendant. The Amended Complaint asked the Court to determine Defendants' obligations to Berman and Pacific under the applicable Wausau Policies.

**The Emergency Motion and November 2, 2006, Hearing**

On September 28, 2006, Defendants noticed the depositions of Pacific employees, Mr. Michael

---

[2] Defendants claim that Mr. Hart was a "temporary" worker and as such was covered under Pacific's "Alternate Employer Endorsement," which is applicable only if the Action Labor employee is working in the course of temporary employment, and not the Wausau Policies.

Cortese, Mr. Thomas Eason and Mr. John McDevitt (the "Pacific Employees"), as well as Pacific's corporate representative. Defendants were given the names of the Pacific Employees in response to an interrogatory asking for the "identification of persons with knowledge and facts relevant to the litigation." In response to the notice, Plaintiffs filed the Emergency Motion seeking an order from the Court prohibiting Defendants from conducting the videotaped depositions of Pacific Employees and any designated corporate representative of Pacific. Plaintiffs claimed that the depositions were unnecessary as the named individuals did not possess any relevant information. Plaintiffs further claimed that the depositions should be prohibited because Defendants would use the depositions to seek discovery relevant to certain of Defendants' affirmative defenses.

During the November 2, 2006, hearing on the Emergency Motion, Judge Howard inquired whether Plaintiffs were seeking to prohibit the depositions of the Pacific employees and representative <u>entirely</u> or whether Pacific sought to allow the depositions to go forward but limit the topics into which Defendants could inquire. Plaintiffs responded that they wanted to preclude the taking of the depositions entirely and made no arguments seeking to limit the scope of the depositions.

During the November 2, 2006, hearing, Judge Howard informed Plaintiffs that she could not grant the Emergency Motion. Specifically, Judge Howard stated that she was going to deny the Emergency Motion to the extent that it sought a protective order prohibiting the depositions altogether. In the written Order, Judge Howard cited the following reasons for denying the Emergency Motion:

1. Plaintiffs' counsel represented that the Pacific Employees had information regarding the declaratory action and the underlying state court litigation;

2. Plaintiffs' counsel acknowledged in response to interrogatories that the Pacific Employees were persons with knowledge relevant to the case;

3. Pacific is a named party in this case, having been specifically added when Berman filed its Amended Complaint; and,

4. Although Plaintiffs argued that the contested depositions should be prohibited because Defendants

would use them to seek discovery relevant to certain of Defendants' affirmative defense, Plaintiffs have not moved to strike the affirmative defenses as invalid or move for summary judgment on them.

(Dkt. 42, pp. 2-3).

**Discussion**

Having reviewed the Order, the Objection and the Response, the Court finds that the Order denying the Emergency Motion was proper and consistent with applicable law. This affirmance of the Order is warranted particularly under the extremely deferential review standards set forth in Fed.R.Civ.P. 72(a), as well as the fact that when Plaintiffs were offered the opportunity to limit the scope of the depositions they failed to avail themselves of that opportunity.[3]  Regarding the depositions, the Court can find nothing in the Order that is either factually clearly erroneous or legally contrary to law. The depositions of the Pacific Employees and Pacific's corporate representative shall be completed before the discovery deadline set in this case.

The Order of the Magistrate Judge is **AFFIRMED**.

**DONE** and **ORDERED** in Jacksonville, Florida at Chambers this _6th_ day of February 2007.

_____
JOHN H. MOORE II
United States District Judge

Copies to:     Counsel of record

---

[3] During the November 2, 2006, hearing Plaintiffs failed to make several of the arguments they now raise in their Objections.  The Court will not allow Plaintiffs a "second bite at the apple" by entertaining these arguments now.